UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMION SHEPPARD**<br>**#545203** | **CIVIL ACTION NO. 2:12-CV-0307** |
| **VS.** | **SECTION P** |
| **OFFICER HAWKINS, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE HILL** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Damion Sheppard, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on January 25, 2012. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), currently incarcerated at the Avoyelles Correctional Center (ACC) in Cottonport, Louisiana. However, plaintiff complains about events that occurred when he was housed at the C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Plaintiff names CPP Sergeant Hawkins and Casualty Insurance Company, the alleged insurance carrier for the LDOC.[1] He seeks compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be

---

[1] Although a defendant's insurance company may be obliged to indemnify officials found liable in a lawsuit under § 1983, the insurer is not a proper party to this suit because it is not a state actor, nor did it deprive plaintiff of any constitutional rights while acting under the color of a state statute. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir.2007); *Brunner v. McKillip*, 488 F.Supp.2d 775, 780 (W.D. Wis. 2007). Moreover, because plaintiff has failed to state a claim against Sergeant Hawkins, plaintiff has no claim against the insurer.

**DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### Statement of the Case

Due to shoulder problems, plaintiff was issued a "no use to right arm" duty status. He claims that this duty status was violated when, on September 11, 2011, defendant Hawkins instructed him to sweep and mop the dorm and to empty the mop bucket. Plaintiff claims that he initially did not perform the assigned duties, but over his own objections, he completed the tasks. When emptying the bucket, however, plaintiff dislocated his shoulder. Thereafter, he was taken to the emergency room at Moss Regional Hospital for treatment.[2]

Plaintiff alleges that Hawkins "was not using reasonable judgment when she made the plaintiff mop and sweep a floor with a one arm duty status, thereby establishing a negligence claim which was curel (sic) and unusual under the circumstances." [rec. doc. 1, pgs. 3- 4].

---

[2]On or about September 13, 2011, plaintiff filed a grievance regarding the incident. [rec. doc 1-2, pg. 1]. The response to the grievance reveals that Captain Berube investigated the matter. He spoke to defendant Hawkins, who, by written statement, stated that she told plaintiff to use his left hand to dust and mop, and to empty the bucket only if he could. If not, she would have the dorm orderly empty it. Captain Berube also talked with Msgt. Webber, who, br written statement, stated that he heard Hawkins tell plaintiff to do what he could with one hand. The response further reveals that when Captain Berube spoke to plaintiff, he refused to give the names of alleged witnesses to substantiate his claims. Accordingly, plaintiff's grievance was denied. The response also discusses instances where plaintiff was written up for self mutilation and aggravated disobedience for violating his duty status by playing ping-pong and moving a locker. Plaintiff's appeal of the denial of his grievance was likewise denied because plaintiff failed to produce any evidence to substantiate his claim. [rec. doc. 1-2, pg. 2].

## Law and Analysis

**Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, plaintiff has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by plaintiff have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's damage claims are subject to dismissal for the reason which follows.

**Eighth Amendment Claim**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  To state a claim under § 1983, two elements must be shown: first, that the plaintiff was deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred by someone acting under the color of state law.  *Landry v. A-Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir. 1996) *citing Flagg Bros, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978);  *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994) (citations omitted). Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

The Eighth amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed. 2d 811, 823 (1994).  A prison official violates this duty when, by act or omission, he is deliberately indifferent to a condition which poses a substantial risk of serious harm to the inmate.  *Id.* at 834.

"To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants1 (1) were aware of facts from which an inference of excessive risk to the prisoner's health and safety could be drawn and (2) that they actually drew an inference that such potential harm existed." *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001) *quoting, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997).

Accordingly, negligence, even gross negligence, does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer,* 114 S.Ct. at 1978 ("deliberate indifference entails something more than mere negligence . . ."); *Ruffin v. Landry,* 2011 WL 1752084, *2 (W.D. La. 2011) (noting "courts have, in a number of contexts, determined that allegations amounting to negligence cannot support a § 1983 claim.") *citing Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care), *Hare v. City of Corinth*, 74 F.3d 633, 641–42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under § 1983), *Eason v. Thaler*, 73 F.3d 1322, 1328–29 (5th Cir. 1996) (gross negligence by prison officials in preventing a gas leak insufficient to support § 1983 action under the Eighth Amendment) and *Doe v. Taylor Indep. Sch. Dist*., 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled

that mere negligence does not constitute a deprivation of due process under the Constitution."); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

In this case, plaintiff alleges that Sergeant Hawkins "was not using reasonable judgment when she made the plaintiff mop and sweep a floor with a one arm duty status, thereby establishing a negligence claim which was curel (sic) and unusual under the circumstances." However, claims to recover damages for personal injuries resulting from the alleged negligence of prison officials are not cognizable under §1983. *See Id.* Rather, negligence claims are redressed under the general tort provisions of Louisiana law. *See* Louisiana Civil Code Article 2315.

Further, plaintiff's allegations of negligence do not support a finding that Sergeant Hawkins acted with deliberate indifference to plaintiff's health when she issued the instruction for plaintiff to do the assigned work. At best, plaintiff has shown that Sergeant Hawkins was negligent in ordering him to mop and sweep. However, allegations of negligence are insufficient to satisfy the standard of deliberate indifference. *See Farmer,* 114 S.Ct. at 1978. For this reason;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of

court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, in Lafayette, Louisiana, this 9th day of November, 2012.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  PM/JB
On:  11-09-2012
By:  MBD